UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-82336-CIV-HURLEY/GOODMAN
(08-80062-CR-HURLEY)

KEVIN C. DELPECHE,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATIONS ON § 2255 MOTION

### I.  INTRODUCTION

This matter is before the Court on Kevin Delpeche's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE# 1). The Clerk of the Court referred this case to Magistrate Judge Patrick A. White for a Report & Recommendation pursuant to Administrative Order 2003-19 (DE# 3), and Judge White transferred the reference to me pursuant to Administrative Order 2010-79 (DE# 11). Delpeche is presently incarcerated at the Coleman Correctional Facility in Coleman, Florida. His motion was timely filed.

Judge White issued an Order to Show Cause why the petition should not be granted (DE# 4), and the United States Attorney filed a response which argues that Delpeche is in the continued lawful custody of the Bureau of Prisons pursuant to a valid judgment of guilt and a lawful sentence entered by the District Court for the Southern District of Florida (DE# 9).

The Court reviewed the motion, the United States Attorney's response, Delpeche's reply, the pertinent portions of the record, and is otherwise duly advised in the premises. For the reasons set forth below, the Court respectfully recommends that the motion be denied.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND

On June 5, 2008, Palm Beach County Sheriff's Office deputies pulled over Delpeche for a traffic infraction. The deputies determined that Delpeche was driving with a suspended license and arrested him. A search of the car incident to Delpeche's arrest revealed a computer, a printer, blank check stock, 121 checks with the names of different companies printed on them, and two fictitious driver's licenses bearing Delpeche's picture and names other than his own. A subsequent search of the computer also revealed software for producing fake checks and more than $300,000 in fake checks ready to be printed.

On June 17, 2008, a federal grand jury indicted Delpeche on charges of making and possessing counterfeited and forged checks and knowingly possessing the fictitious identification of another person with intent to make or possess fictitious checks (DE# 8).

At the time of Delpeche's arrest, searches of vehicles incident to arrest were governed by the rule set forth in *New York v. Belton,* 453 U.S. 454 (1981). *Belton* extended the search incident to arrest doctrine recognized in *Chimel v. California*, 395 U.S. 752 (1969), to include the search of vehicles. *Belton* held

---

[1] Because this case can be decided based on the undisputed record, and that record establishes that Delpeche is not entitled to relief, there is no need for an evidentiary hearing on his claims. *See Pugh v. Smith*, 465 F.3d 1295 (11th Cir. 2006).

that when a police officer makes a lawful arrest of a vehicle's occupant, the officer may search the passenger compartment of the vehicle incident to the arrest.

On October 21, 2008, Delpeche pled guilty to knowingly making and possessing counterfeit securities and knowingly possessing false identification documents with the intent to aid or abet unlawful activity. At the change of plea hearing, Delpeche admitted to the Government's factual proffer (08-80062-CR, DE# 85; DE# 116). The United States Magistrate Judge who presided over the change of plea hearing found that Delpeche's plea was knowing and voluntary and was supported by an independent basis in fact establishing the elements of the offenses, and she accepted the plea (*Id.*).

At the January 16, 2009 sentencing hearing, the District Court heard testimony, admitted exhibits into evidence and heard arguments from Delpeche and the Government (08-80062-CR, DE# 122). The court found that there was "significant and substantial evidence" that Delpeche served as a manager of the check fraud scheme and that he was eligible for a sentencing role enhancement pursuant to U.S.S.G § 3B1.1(b) (08-80062-CR, DE# 122, at 49). The court further held that for sentencing purposes, Delpeche was directly responsible for $72,558.02 in fraudulent checks (08-80062-CR, DE# 122, at 61).

The court heard arguments about Delpeche's sentence from defense counsel, Delpeche himself, and the Assistant United States Attorney (*Id.*, 64-73). The court found Delpeche's guideline range to be 46-57 months, but, because of his criminal history, his level of involvement, the sophistication of the crime, and

3

the need to deter further criminal activity, sentenced him to 66 months of incarceration, followed by three years of supervised release (*Id.,* 76-81).

On February 2, 2009, Delpeche appealed his sentence to the Eleventh Circuit. On appeal, Delpeche challenged the sentencing role enhancement found by the District Court.

On April 21, 2009, about a month *after* Delpeche filed his appellate brief, the United States Supreme Court decided *Arizona v. Gant*, 129 S. Ct. 1710 (2009). *Gant* substantially altered the *Belton* rule, and held that the warrantless search of a vehicle incident to a recent occupant's arrest is reasonable only where the suspect is within reaching distance of the passenger compartment at the time of the search, or it is reasonably believed that the vehicle contains evidence of the offense for which the occupant is under arrest.

Delpeche now argues that the search of his car was unreasonable because he was not within reaching distance of the car, and no evidence of driving with a suspended license could have been discovered in his car. Presumably because *Gant* was not decided until six months after Delpeche's plea agreement, and one month after he filed his appellate brief, neither his trial nor appellate counsel argued for suppression of the evidence based on the new rule announced in *Gant.* The Eleventh Circuit affirmed Delpeche's sentence, and the mandate issued on September 8, 2009 (08-80062-CR, DE# 179)

On November 19, 2009, Delpeche filed this motion, in which he raises three claims: (1) trial and appellate counsel were ineffective for failing to challenge the admissibility of the evidence obtained in the search of Delpeche's

4

car, (2) the sentencing court violated 18 U.S.C. § 3553(c)(2) by failing to memorialize the specific reasons given for deviating from the guidelines (and that counsel was ineffective for failing to object to the violation), and (3) the sentencing court relied on false or perjured testimony in enhancing his sentence under U.S.S.G. 3B1.1(b) (and counsel was ineffective for failing to object or appeal) (DE# 2).

### III.   PROCEDURAL BARS & ISSUES NOT COGNIZABLE UNDER § 2255

There are three types of issues that a section 2255 motion generally cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from failure to appeal. *Belford v. United States*, 975 F.2d 310 (7th Cir. 1992); *see also Burke v. United States*, 152 F.3d 1329, 1131-32 (11th Cir. 1998).  If a movant puts forth a claim falling under any of these categories, then the claim is procedurally barred unless he can show cause for the default *and* prejudice as a result.  *Belford,* 975 F.2d at 313.

Cause sufficient to excuse a procedural default "ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim."  *Murray v. Carrier*, 477 U.S. 478, 492 (1986).  Mere inadvertence or neglect does not constitute good cause.  *Cf. Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991).  A showing of ineffective assistance of counsel,

5

however, may constitute cause sufficient to overcome a procedural bar. *Murray*, 477 U.S. at 492; *Belford*, 975 F.2d at 313-14. To show actual prejudice, the movant must demonstrate not "merely that the errors [before the trial court] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting [the entire trial court proceeding] with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982).

## IV.     STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance -- that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice -- but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). The standard is the same for claims of ineffective assistance on appeal. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. *Strickland,* 466 U.S. at 697; *Waters v. Thomas*, 46 F.3d 1506, 1510 (11th Cir. 1995).

Moreover, review of counsel's conduct is highly deferential. *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994). Second-guessing an attorney's strategic defense is not permitted; rather, courts should presume effectiveness and avoid second-guessing with the benefit of hindsight. *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992). Because a wide range of performance is

6

*constitutionally* acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Courts "are not interested in grading lawyers' performances" but, "are interested in whether the adversarial process at trial . . . worked adequately." *Id.* at 386. To be unreasonable, the performance must be such that "*no competent counsel would have taken the action that his counsel did take.*" *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001). In other words, "[e]ven if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." *Rogers*, 13 F.3d at 386.

Significant to this case, "reasonably effective representation cannot and does not include a requirement to make arguments based on **predictions** of how the law may develop." *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) (emphasis added). To be effective under the precepts of *Strickland*, an attorney is never required to anticipate future changes in the law. *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995).

In a case where guilty pleas or the equivalent were entered, application of the second prong of the *Strickland* standard requires a showing that there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

7

### V.     ANALYSIS

**Claim 1: Delpeche's *Gant* Claim Is Procedurally Barred**

Delpeche claims that the Palm Beach Sheriff's Deputies who searched his car incident to his arrest violated his Fourth Amendment right against unreasonable searches and seizures as interpreted in *Gant*. Further, Delpeche asserts that his trial and appellate counsel were ineffective for failing to seek suppression of the evidence revealed by that search pursuant to *Gant,* and, but for that shortcoming, he would not have pled guilty and instead would have proceeded to trial. These claims must be rejected for several reasons.

First, Delpeche's suppression argument is premised on a Fourth Amendment claim that was not raised on direct appeal. In order to overcome the procedural bar resulting from his failure to make this argument on direct appeal, he must demonstrate cause for the procedural default as well as actual prejudice resulting from the failure to appeal.

Delpeche cannot show cause because his counsel was not deficient. Attorneys have no duty to anticipate changes in the law, and a failure to do so does not rise to the level of ineffective assistance. *Jackson*, 42 F.3d at 1359. *Gant* was not decided until April 21, 2009 -- after Delpeche pled guilty, after he was sentenced, and after he filed his brief on direct appeal. Delpeche's counsel was not ineffective for failing to anticipate this substantial change in the law and to argue accordingly. Delpeche therefore cannot show cause for failing to raise the issue on appeal.

Second, Delpeche's claim was waived due to the entry of a knowing and voluntary guilty plea. A movant waives his right to contest all non-jurisdictional defects and defenses when he enters a knowing and voluntary guilty plea to the violation. *United States v. Broce*, 488 U.S. 563 (1989). Similarly, a petitioner waives all claims of ineffective assistance of counsel relating to pre-plea issues when he enters a voluntary guilty plea. *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008); *see also McCoy v. Wainwright*, 804 F.2d 1196, 1198 (11th Cir. 1986) (voluntary guilty plea waives all non-jurisdictional defects). "This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Furthermore, a voluntary and intelligent plea, in light of the *then applicable law* does not become vulnerable because later judicial decisions alter the premise that the plea rested on. *Broce,* 488 U.S. at 572.

Here, Delpeche has made no allegation or showing that his plea was coerced or unknowing. A thorough review of the record and the plea colloquy also demonstrates that Delpeche acknowledged, and the District Court found, that his plea was knowing and voluntary. There is no indication in the record whatsoever that Delpeche's plea was involuntarily. Delpeche therefore waived any defense he may have had prior to the plea.

By agreeing to a plea of guilty, Delpeche effectively told his lawyer not to conduct any further investigation and not to present any legal defenses at a pretrial or trial proceeding. Consequently, Delpeche has not shown that his

counsel was deficient or that he suffered any real prejudice as a result of counsel's action or inaction.  See *Strickland*, 466 U.S. at 687.

Finally, notwithstanding the change in the law announced in *Gant*, issues not timely raised in the briefs are considered abandoned.  *United States v. Ardley*, 242 F.3d 989 (11th Cir. 2001).  The Eleventh Circuit "will apply the law of an intervening Supreme Court decision *only if* the litigant briefed the issue addressed by that intervening decision in the litigant's first brief." *United States v. Ardley,* 273 F.3d 991, 996 (11th Cir. 2001) (order denying rehearing en banc) (Tjoflat, J., dissenting).

Here, *Gant* was not decided until more than a month after Delpeche filed his appellate brief.  Delpeche did not raise a *Gant* argument in his appellate brief.  Delpeche raised the issue for the first time in this collateral proceeding.  Because the Eleventh Circuit would have considered Delpeche's *Gant* argument abandoned, his appellate counsel was not deficient for failing to raise *Gant* before the Eleventh Circuit, and Delpeche was not prejudiced by this failure.

**Claim 2: Counsel Was Not Ineffective Because the Court Stated Its Reasons For Exceeding the Guidelines In a Written Order**

Delpeche's second claim posits that the sentencing court violated 18 U.S.C. § 3553(c)(2) by not reducing to writing its specific reasons for deviating from the guidelines, and trial counsel was ineffective for failing to object or appeal the violation.  In fact, the District Court signed a written statement of reasons on January 29, 2009, thirteen days after the sentence was imposed.  Because the

District Court *did* author a statement of reasons that it filed with the probation office, I must reject this claim.[2]

The District Court's written statement of reasons outlined several grounds for departing from the guidelines, including "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," "to afford adequate deterrence," and "to protect the public from further crimes of the defendant."

The District Court's written statement also explained the factual circumstances that justified a departure from the guidelines. The court mentioned that the intended loss was greatly understated, in that Delpeche had $312,181.10 in counterfeit checks on his computer ready to be printed. Furthermore, the court noted Delpeche's extensive criminal history of theft and counterfeiting. *Id.*

Because the District Court reduced its reasons for exceeding the advisory guidelines to a written order as required by § 3553(c)(2), Delpeche's second claim must be rejected.

**Claim 3: Delpeche Cannot Challenge the Sentencing Enhancement**

In his third claim, Delpeche argues that the sentencing court relied on perjured testimony to enhance his sentence under U.S.S.G § 3B1.1(b), and counsel was ineffective for failing to object to or appeal this error. As demonstrated below, this claim is procedurally barred, and Delpeche has not

---

[2] Statements of Reasons are not intended for public disclosure and are therefore filed with the U.S. Probation Office rather than the Clerk of the Court.

11

established cause and prejudice that can overcome that default. Delpeche's third claim must therefore be denied.

After his sentencing, Delpeche appealed the district court's enhancement of his sentence based on his role in the conspiracy. In that appeal, the Eleventh Circuit held that based on the evidence in the record, the district court did not err by finding that Delpeche's role in the check cashing scheme warranted a three-level enhancement under 3B1.1(b). *United States v. Delpeche,* 340 F. App'x 571 (11th Cir. 2009).[3]

Delpeche's third claim is procedurally barred because it couches the same sentencing enhancement challenge that was argued in the Eleventh Circuit as a claim for ineffective assistance of counsel. *Belford,* 975 F.2d at 313 (movant cannot raise issues on § 2255 motions that were raised on direct appeal, absent a showing of changed circumstances). Although the issue has been reframed, Delpeche's claim that his counsel failed to object to "perjured testimony" is no different from what he argued on direct appeal.

Delpeche cannot overcome this procedural bar because he fails to establish cause for the default resulting from deficient representation. Delpeche's counsel was not ineffective because his lawyer *did* object to the judge's application of the law to the facts (finding Delpeche to be a manager or supervisor) (DE# 7-1, at 5). Additionally, his attorney appealed that finding, and

---

[3] I agree with the Eleventh Circuit that Delpeche admitted to the government's factual proffer, which set forth the facts upon which the sentencing court based its determination that he was a manager or supervisor of the operation (08-80062-CR, DE# 116, at 27; DE# 7, 2-4).

12

litigated it before the Eleventh Circuit, which affirmed the District Court's ruling. *Delpeche,* 340 F. App'x at 575.

Moreover, sentencing judges are entitled to make certain findings of fact at a sentencing hearing. The extent to which a defendant was involved in a criminal enterprise, for example, is an issue of fact within the province of the district court. *United States v. Ramirez*, 426 F.3d 1344, 1355 (11th Cir. 2005). Judges may find facts in assessing the defendant's role in a criminal conspiracy, and may increase the sentence accordingly. *Rita v. United States,* 551 U.S 338, 352 (2007). There are very few restrictions on the information that a trial judge may consider in determining the appropriate sentence. *Lightbourne v. Dugger*, 829 F.2d 1012, 1027 (11th Cir. 1987). A judge may find sentencing facts under our advisory guideline system so long as the sentence imposed does not exceed the statutory maximum. *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010).[4]

The sentencing judge in this case was entitled to make a determination of the credibility of the witnesses and the testimony establishing Delpeche's involvement. Further, Delpeche himself admitted to the government's factual proffer. The judge noted the facts admitted by Delpeche and applied the law to those facts accordingly.

---

[4] Delpeche faced a maximum statutory penalty of ten years in prison for Count 1, making and possessing counterfeit securities in violation of 18 U.S.C. 513(a), and five years for Count 2, knowingly possessing false identification documents in violation of 18 U.S.C. 1028(a)(7), but he was sentence to only 66 months (six-and-a-half years).

13

Finally, Delpeche neither showed nor suffered prejudice as a result of counsel's failure to object to the judge's reliance on "perjured testimony." Even if counsel would have objected (as Delpeche now argues was appropriate) and claimed that the testimony relied on by the district court judge was false, that would not change the facts **admitted by Delpeche**, or the fact that the judge is entitled to find sentencing facts on his own. Such a complaint would have been unlikely to succeed on appeal based on the facts alleged by Delpeche. As a result, there is no reasonable probability that, but for counsel's alleged inaction, the result in the proceedings would have been any different. Delpeche's third claim is both procedurally barred and legally baseless.

## VI.  CONCLUSION

For the reasons stated above, I respectfully recommend that Delpeche's § 2255 motion be **denied.**

## VII.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have fourteen (14) days after being served with a copy of this Report and Recommendation to serve and file written objections, if any, with the Honorable Daniel T. K. Hurley, United States District Judge. Each party may file a response to the other party's objection within 14 days of the objections. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in this report and bar the parties from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988)).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this 17th day of March, 2011.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Daniel T.K. Hurley

Kevin Delpeche, **PRO SE**
Inmate No. 73289-004
FCI Coleman Medium
Federal Correctional Institution
P.O. BOX 1032
COLEMAN, FL 33521

Robert H. Waters, JR.
Assistant United States Attorney
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Email: Robert.Waters@usdoj.gov